IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES C. JONES                                                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO.4:10CV136-GHD-JAD

CHRISTOPHER EPPS, et al.                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

On February 24, 2011, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court via video conference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Jones complains that he was found guilty of an RVR for assaulting another inmate. He claims the determination of his guilt was based upon false evidence. He wants the RVR expunged and he seeks money damages.

The undersigned took this matter under advisement when the plaintiff advised that there had been two related state court proceedings in Marshall County and in Lauderdale County. The court ordered counsel for the Mississippi Department of Corrections to provide copies of the state court orders dismissing those actions. The court has been provided with the Marshall County judgment, but not the Lauderdale County judgment. A review of the Marshall County papers however is sufficient to determine that Jones has already presented his claims regarding the RVR to at least one state court. The state court petition attached to Jones' complaint in this court references purported violations of Jones' constitutional rights and asks for much of the same relief as the federal complaint. The state court judgment shows that the trial court ruled on the merits against Jones. Having elected to pursue his claims in state court and having lost the action in those courts, the

plaintiff is barred from again litigating his claims in this court under the doctrine of res judicata. Furthermore federal courts do not "second-guess" the findings and determinations of prison disciplinary committees. The plaintiff was afforded a disciplinary hearing on the RVR, thus meeting the due process requirements of *Wolff v. McDonnell,* 418 U.S. 539 (1974).

Accordingly it is recommended that the complaint be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 6th day of April, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE